IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

JAMES L. WEEMS,                                                    Case No. 2:12-CV-00411-SU

        Plaintiff,

                                              OPINION AND ORDER

    v.

OREGON UNIVERSITY SYSTEM
(OUS); GEORGE PERNSTEINER,
Chancellor; OREGON DEPARTMENT
OF JUSTICE (ODOJ); JOHN R. KROGER,
Attorney General; and 1 to 10 JOHN DOE
OUS or ODOJ past/present attorney or
non-attorney employees;

        Defendants.

_____

SULLIVAN, Magistrate Judge:

      Plaintiff James Weems ("Weems"), appearing *pro se*, filed this action alleging violations of

his due process rights under 42 U.S.C. § 1983 against defendants the Oregon University System

("OUS"), formerly the Oregon State Board of Higher Education ("Board"), George Pernsteiner

("Pernsteiner"), current chancellor of OUS, the Oregon Department of Justice ("ODOJ"), and former

Oregon Attorney General John Kroger. Weems also alleges a claim for fraud upon the court against

1 - OPINION AND ORDER

"1 to 10 John Doe OUS or ODOJ past/present attorney or non-attorney employees." Further, Weems seeks punitive damages based on an alleged conspiracy among all defendants to deprive him of his life's work. Defendants OUS and Pernsteiner[1] move to dismiss Weems' complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, defendants' motion is granted and this case is dismissed with prejudice.[2]

## BACKGROUND

Weems was a tenured associate professor of psychology at Eastern Oregon State College ("EOSC"), now Eastern Oregon University. Compl. ¶ 4. In June 1978, plaintiff alleges that EOSC President Rodney Briggs ("Briggs") declared a state of financial exigency at the school and eliminated the tenured faculty position that Weems held. *Id.* at ¶ 12. Following his termination, Weems filed suit in Union County Circuit Court ("Circuit Court"), alleging claims for outrageous conduct, breach of contract, conversion, and writ of mandamus against Briggs and the Board. *Id.* at ¶¶ 13, 16.

On January 11, 1980, the Circuit Court granted summary judgment in favor of Briggs and the Board on all of Weems' claims. *See Weems v. Briggs*, Case No. 25782, Mem. Op. 5 (Union Cnty. Cir. Ct. Jan. 11, 1980).[3] As explained in his memorandum opinion, Circuit Judge Warner

---

[1] On May 25, 2012, this Court dismissed, with prejudice, all claims asserted against the ODOJ and John Kroger. (docket # 13). As a result, the ODOJ and John Kroger are not parties to the present motion. The Stipulation of Dismissal, however, did not specifically name the John Doe defendants.

[2] The parties consented to the jurisdiction of a magistrate judge pursuant to 20 U.S.C. § 636. (docket # 19).

[3] Weems incorporates these proceedings by reference. *See* Compl. ¶¶ 13-18. Further, they are part of the public record and therefore "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see also Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). As such, the Court considers the documents filed in the state court action in reaching a conclusion in this case.

Wasley dismissed the conversion and outrageous conduct claims because Weems failed to comply with the requirements of the Oregon Tort Claims Act ("OTCA"), Or. Rev. Stat. § 30.275(1); the breach of contract and mandamus claims were dismissed because Weems entered into a binding settlement agreement that released all claims against defendants in exchange for $8,000. *Id*. at 3-4. Accordingly, on January 25, 1980, the Circuit Court dismissed Weems' case with prejudice. *Weems v. Briggs*, Case No. 25782, Order (Union Cnty. Cir. Ct. Jan. 25, 1980). On October 20, 1980, the Oregon Court of Appeals affirmed the Circuit Court's order without opinion. *Weems v. Briggs*, 48 Or.App. 849, 618 P.2d 1321 (1980). A subsequent appeal to the Oregon Court of Appeals was dismissed as moot. *Weems v. State Bd. of Higher Ed.*, 55 Or.App. 1030, 639 P.2d 1318 (1982) (per curiam).

Weems alleges that between 1980 and 1982, after the Circuit Court dismissed his case, the American Association of University Professors ("AAUP") conducted an investigation into Briggs' claim of financial exigency at EOSC; the investigation revealed that there was neither a financial exigency at EOSC in 1978 nor any financial shortfall. Compl. ¶¶ 33-34. Weems did not learn about the AAUP investigation until December 10, 2008, when he discovered the essay of an EOSC student on the internet that referred to the AAUP investigation. *Id.* at ¶¶ 24-26. Following the discovery, Weems sent letters to OUS and Pernsteiner, requesting the public records related to Briggs' 1978 claim of financial exigency. *Id.* at ¶¶ 27-28. Weems was denied access unless he agreed to pay for OUS to redact 2,200 pages of documents. *Id.* at ¶ 29. Thereafter, Weems filed petitions with the Oregon Attorney General to force OUS to comply with his request but never received a response. *Id.* at ¶¶ 30-31.

On March 8, 2012, Weems filed a complaint in this Court, alleging that: (1) unnamed OUS and/or ODOJ attorneys committed external fraud upon the Circuit Court by failing to report that

Briggs' claim of financial exigency was false, such that Weems should now be relieved from the Circuit Court's final judgment pursuant to Fed. R. Civ. P. 60(d)(3); and (2) OUS and Perseiner deprived him of his Fourteenth Amendment due process rights in violation of 42 U.S.C.§ 1983. Specifically, Weems alleges that, in defending against his claims, Briggs and the John Doe attorney defendants falsely communicated to the Circuit Court through pleadings, affidavits, and oral argument that there were financial exigencies at EOSC. *Id.* at ¶¶ 36, 38. This deception allegedly caused the Circuit Court to accept that there was a bonafide financial emergency at EOSC, thereby improperly influencing its summary judgment decision and interfering with the "judicial machinery." *Id.* at ¶¶ 38-39. Thus, Weems now seeks economic and noneconomic damages, in the amount of $1,500,000, and punitive damages arising out of defendants' alleged conspiracy.[4]

## STANDARDS

Where the court lacks subject-matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(b)(1). The party who seeks to invoke the subject-matter jurisdiction of the court has the burden of establishing that such jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. Of Am.,* 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). In such instances, the court may consider evidence regarding subject-matter jurisdiction and resolve factual disputes where necessary; however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the [court] from evaluating for itself the merits of jurisdictional claims." *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

---

[4] Weems entitles his third claim for relief a "Claim for Punitive Damages." Compl. ¶¶ 69-73. While punitive damages are technically not an independent cause of action but a remedy, the Court construes these allegations as a claim for conspiracy.

4 - OPINION AND ORDER

Similarly, where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the purposes of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216, *reh'g en banc denied*, 659 F.3d 850 (9th Cir. 2011).

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972). Before dismissing a *pro se* complaint, the court must, in many circumstances, instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, a *pro se* plaintiff's claims may be dismissed without leave to amend where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief and the complaint's deficiencies cannot be cured by amendment. *Barrett v. Belleque,* 544 F.3d 1060, 1061-62 (9th Cir. 2008).

## DISCUSSION

I.    Subject-Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)

Because the alleged injury arises out of a thirty-two year old state court judgment, which Weems now seeks to set aside, defendants contend that the *Rooker-Feldman* doctrine deprives this

5 - OPINION AND ORDER

Court of subject-matter jurisdiction. *Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Noel v. Hall*, 341 F.3d 1148, 1154-55 (9th Cir. 2003). Weems argues that this case falls within an exception to the *Rooker-Feldman* doctrine because he is alleging that an external fraud was committed upon the Circuit Court.

The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts, other than the United States Supreme Court, from sitting in direct review of state court decisions. In other words, federal courts lack subject-matter jurisdiction to act as a court of appeals for state court decisions. *Johnson v. Grandy*, 512 U.S. 997, 1005-06 (1994) (citing *Rooker*, 263 U.S. at 416; and *Feldman*, 460 U.S. at 482); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004); *see also Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (core inquiry is whether the Federal action is a *de facto* appeal from a final state court judgment). In addition to barring direct review, the doctrine prevents a federal court from considering any claims that amount to a collateral attack on issues that are "inextricably intertwined" with the state court's decision. *Noel*, 341 F.3d at 1156-58.

Moreover, the *Rooker–Feldman* doctrine "bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state court proceeding afforded the federal court plaintiff a full and fair opportunity to litigate [his] claims." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003). Thus, "unlike res judicata, the *Rooker–Feldman* doctrine is not limited to claims that were actually decided by state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id.* Simply put, under the *Rooker-Feldman* doctrine, a plaintiff may not initiate a federal court action that: (1) directly challenges a state court holding

6 - OPINION AND ORDER

or decision; or (2) indirectly challenges a state court holding or decision by raising claims in federal court that are inextricably intertwined with the state court judgment, even if the claim is that the state court's actions were unconstitutional. *See Feldman*, 460 U.S. at 486.

The *Rooker-Feldman* doctrine is not without exceptions; a distinction is made between intrinsic and extrinsic events. In *Noel*, the court provided an exhaustive review of cases arising in the Ninth Circuit[5] which applied the *Rooker-Feldman* doctrine. *Noel*, 341 F.3d at 1161-64. The court concluded that

> the following general formulation describes the distinctive role of the *Rooker-Feldman* doctrine in our federal system: If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

*Id*. at 1164. In *Kougasian*, the court elaborated further upon this distinction: "Extrinsic fraud on a court is, by definition, not an error by that court. It is rather a wrongful act by the party or parties who engaged in the fraud." *Kougasian*, 359 F.3d at 1141. Thus, while this Court cannot review a case brought against the state court for its own errors, it can preside over a case involving a legal injury that was caused by an adverse party that resulted in an allegedly erroneous state court judgment.

Here, it is undisputed that Weems is seeking review of a state court judgment: "[T]his Court [should] set aside a summary judgment granted in the Union County Circuit Court." Compl. ¶¶ 1, 54-56; *see also* Hearing Transcript at 7:8-23 (July 17, 2012). However, just as in *Kougasian*, the fraud alleged in this case by Weems is extrinsic. Specifically, Weems asserts that the Circuit Court

---

[5] The parties cite case law from other federal circuits to support their arguments. While this Court has considered those cases, only Ninth Circuit precedent is controlling.

7 - OPINION AND ORDER

was not informed by attorneys for the OUS and/or the ODOJ that there was no financial exigency at EOSC; Weems further contends that he did not have an opportunity to raise this issue in his initial suit in 1980 because he was not aware of the nondisclosure at that time. *See* Pl.'s Suppl. Br. 5; Pl.'s Resp. to Mot. Dismiss 5. In other words, Weems' claims are premised not on the Circuit Court's own wrongful actions, but rather on defendants' alleged fraud, which rendered the Circuit Court's judgment erroneous. Therefore, *Rooker-Feldman* does not deprive this Court of subject-matter jurisdiction over Weems' claims. *See Kougasian*, 359 F.3d at 1141.

II.    Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)

While the Court recognizes that it has subject-matter jurisdiction over this dispute, that does not necessarily mean that Weems' claims can survive defendants' motion to dismiss. Defendants argue that dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(6) because: (1) Fed. R. Civ. P. 60(d)(3) is not a basis for relief from a state court judgment; (2) they are entitled to sovereign immunity under the Eleventh Amendment; and (3) Weems' claims are barred by the statute of limitations.

A.    First Claim for Relief Based on Fed. R. Civ. P. 60(d)(3)

Weems first alleges that he should be relieved from the Circuit Court's judgment pursuant to Fed. R. Civ. P. 60(d)(3) because of the alleged external fraud committed by attorneys for the OUS and/or the ODOJ. Fed. R. Civ. P. 60(d)(3)[6] only applies to judgments entered in federal court. *See*

---

[6] Fed. R. Civ. P. 60(d)(3) permits the court to "set aside a judgment for fraud on the court." The Oregon Rules of Civil Procedure provide an analogous remedy in Or. R. Civ. P. 71C, which authorizes the state court "to set aside a judgment for fraud upon the court." *See MBNA Am. Bank, N.A. v. Garcia*, 227 Or.App. 202, 207, 205 P.3d 53 (2009) (citing Or. R. Civ. P. 71C);

8 - OPINION AND ORDER

Fed. R. Civ. P. 1 ("[the federal rules of civil procedure] govern the procedure in all civil actions and proceedings in the United States district courts"). Weems has not cited to, and the Court is not aware of, any authority providing a cause of action under Fed. R. Civ. P. 60(d)(3) to set aside a state court judgment or state a claim for damages. *See, e.g.*, *McKeown v. New York*, 2010 WL 4140421,*2 n.13 (S.D.N.Y. Oct. 21, 2010), *aff'd*, 44 Fed.Appx. 508 (2d Cir. 2012) ("[t]he reason [plaintiff] invoked Rule 60(d)(3) is a mystery because any fraud that was perpetrated was perpetrated on the [state] Surrogate's Court, not this court").

While Fed. R. Civ. P. 60(d)(3) may not be the appropriate vehicle to bring his claim, this Court can, as discussed above, relieve Weems from a state court judgment that was obtained by extrinsic fraud as a matter of equity. *See Kougasian,* 359 F.3d at 1139; *see also In re Levander*, 180 F.3d 1114,1118-19 (9th Cir. 1999) (noting the court's "historic power of equity to set aside fraudulently begotten judgments"); *Chuidian v. Philippine Nat'l Bank*, 734 F.Supp. 415, 421 (C.D.Cal. 1990), *aff'd*, 976 F.2d 561 (9th Cir. 1992) (state court judgment must have been "procured by duress or fraud"). However, even construing Weems' claim as an independent cause of action in equity for extrinsic fraud does not end the Court's inquiry.  The issue before this Court is whether Weems has alleged facts sufficient to state a claim in equity that the Circuit Court's judgment against him was attained through defendants' extrinsic fraud.

Weems alleges that "[a]s a direct result of defendants' external fraud upon the court, the Union County judicial system was deceived into finding for the defendants and against plaintiff Weems [because] argument regarding financial exigency . . . was assumed to be true, leading to a gross miscarriage of justice." Compl. ¶ 58.  The Circuit Court proceedings reveal that Weems'

---

*see also Johnson v. Johnson*, 302 Or. 382, 393-94, 730 P.2d 1221 (1986) (discussing the state cause of action to set aside a judgment for extrinsic fraud pursuant to Or. R. Civ. P. 71C).

9 - OPINION AND ORDER

outrageous conduct and conversion claims were dismissed because he failed to comply with the notice provision of the OTCA and, therefore, those claims were time-barred. *See Weems*, Case No. 25782, Mem. Op. at 1-2 (citing Or. Rev. Stat. § 30.275); *see also Flug v. Univ. of Or.*, 170 Or.App. 660, 674-75, 13 P.3d 544 (2000) (dismissal is required where plaintiff failed to provide timely notice of her claims under the OTCA). Further, the Circuit Court dismissed Weems' breach of contract and writ of mandamus claims because he entered into a "release agreement," under which he received $8,000 in exchange for "fully terminat[ing] and settl[ing] all claims of Weems against all of the officers, employees and agents of [EOSC]." *Weems*, Case No. 25782, Mem. Op. at 3-4.

Accordingly, defendants' alleged fraudulent actions had no bearing on the Circuit Court's disposition of Weems' case. Rather, because Weems failed to comply with prerequisites of the OTCA and had previously resolved his claims against Briggs and the Board via a valid and binding settlement agreement, the Circuit Court did not reach the merits of the case, including defendants' statements in pleadings, affidavits, or oral argument regarding the financial exigency. Because the judgment against him was the result of his own actions, Weems has failed to establish a basis in equity for this Court to set aside the Circuit Court's decision under either Oregon or federal law. Accordingly, defendants' motion to dismiss for failure to state a claim against the John Doe defendants is granted as to Weems' first claim.[7]

B.    Second Claim for Relief Under 42 U.S.C. § 1983

------------

[7] At the time of the original state court action, Briggs and the Board were represented by James J. Casby, Jr., an Assistant Attorney General with the ODOJ. *See* Notice of Appeal (Or.App. Feb. 20, 1980); Hearing Transcript at 23:2-5 (July 17, 2012). This is no longer the case. *See* Or. Rev. Stat. § 351.011. Regardless, while not expressly raised by defendants, attorneys with the ODOJ are protected by absolute immunity for any action done in discharging litigation-related duties. *See Murray v. Dep't of Consumer & Bus.*, 2010 WL 3604657, *4-5 (D.Or. Aug. 12), *adopted by* 2010 WL 3604536.

Weems next alleges that the OUS and Pernsteiner[8] deprived him of his position as a tenured associate professor of psychology, without due process of law, in violation of 42 U.S.C. § 1983.

        1.    <u>Statute of Limitations</u>

Claims made under 42 U.S.C. § 1983 are subject to a two year statute of limitations in Oregon. *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2004) (citing Or. Rev. Stat. § 12.110). The limitations period begins to accrue on a § 1983 claim when plaintiff has "a complete and present cause of action," which means "plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388, *reh'g denied*, 549 U.S. 136 (2007).

Here, Weems did not learn of the AAUP investigation until December 10, 2008. Compl. ¶¶ 24-26. Because he did not have "a complete and present cause of action" until learning of the alleged fraud that deprived him of his property interest in continued employment at EOSC, Weems' claim began to accrue on that date. Nevertheless, Weems contends that the underlying injury "has yet to be discovered because the proof of the [injury] is contained in the 2,200 pages of documents that OUS has failed to make available." Pl.'s Suppl. Br. 3. A claim is "discovered" under federal law "when the plaintiff knows or has reason to know of the injury which is the basis of the action."

---

[8] It is undisputed that Pernsteiner was not chancellor of OUS at the time of Weems' termination or the underlying lawsuit in state court. *See* Hearing Transcript at 4:5-13 (July 17, 2012). Further, Pernsteiner's actions do not form the basis of either of Weems' claims. *See generally* Compl. Therefore, Weems does not assert, nor can he, that Pernsteiner's actions caused him harm. As a result, Weems lacks standing to sue Pernsteiner. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (in order to have Article III standing, "the injury has to be fairly traceable to the challenged action of the defendant"); *see also United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004) (the court has an independent duty to establish subject-matter jurisdiction, "whether the parties raised the issue or not").

*TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999). Because Weems actually knew of the AAUP investigation and defendants' fraud in December 2008, the injury was "discovered" on that date. *See* Compl. ¶ 24.[9] Thus, Weems had until December 10, 2010 to file the present action. Weems did not file his complaint in this Court until March 2012. Therefore, Weems' § 1983 claim is barred by the statute of limitations.

### 2.    Sovereign Immunity

The Eleventh Amendment bars a citizen from bringing suit against his own state in federal court, "unless the state unequivocally consents to a waiver of immunity."[10] *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1994). It applies "not only [to] actions in which a State is actually named as a defendant, but also [to] certain actions against state agents and state instrumentalities." *Regents of the Univ. of the Cal. v. Doe*, 519 U.S. 425, 429 (1977) (citations omitted).

Weems admits in his complaint that OUS is a state agency and a public entity organized and operated under Oregon law. Compl. ¶ 5. Moreover, Congress did not abrogate the states' sovereign immunity by enacting § 1983 and OUS has not expressly consented to being sued. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *see also Will v. Mich. State Dept. of Police*, 491 U.S. 58, 66 (1989). Weems argues that Senate Bill 242 ended state agency status for OUS, such that immunity no longer attaches. *See* Pl.'s Resp. to Mot. Dismiss 6-7; *see also* Pl.'s Suppl. Br. 5-7.

---

[9] Further, because the Court accepts all of the well-pleaded allegations in Weems' complaint as true, proof of the injury is irrelevant at this stage in the proceedings.

[10] Congress can also abrogate the Eleventh Amendment without consent of the states in certain situations. *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir.1995). Neither exception is implicated here.

While Senate Bill 242 exempted OUS from certain laws governing state agencies, OUS remains an instrumentality of the state for the purposes of the Eleventh Amendment: "The Oregon University System is an instrumentality of the state and a government entity performing governmental functions and exercising governmental powers" and is therefore "not considered a unit of local or municipal government." Or. Rev. Stat. § 351.011. Thus, courts addressing this issue after the enactment of Senate Bill 242 have held that OUS "has Eleventh Amendment immunity for suits brought under 42 U.S.C. § 1983." *Broyles v. Or. State Bd. of Higher Educ.*, 2012 WL 965601, *4 (D.Or. Mar. 20, 2012) (citations omitted); *see also Olson v. Or. Univ. Sys. ex rel. Pernsteiner*, 2009 WL 1270293, *1 (D.Or. May 6, 2009). Accordingly, Weems' § 1983 claim against OUS is barred by the Eleventh Amendment.

Moreover, even if Weems had standing, his § 1983 claim against Pernsteiner would be similarly dismissed due to sovereign immunity. Weems is suing Pernsteiner in his official capacity as chancellor and chief executive officer of OUS. Compl. ¶ 6. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office [which] is no different from a suit against the State itself." *Will*, 491 U.S. at 71 (citation omitted). Therefore, because it is both time-barred and precluded by the Eleventh Amendment, defendants' motion to dismiss is granted as to Weems' § 1983 claim.

C.    Third Claim for Relief for Conspiracy

To the extent that Weems alleges a claim for conspiracy, defendants' motion to dismiss is also granted. Here, Weems claims that defendants engaged in a fraudulent and illegal conspiracy to deprive him of his life's work for which he is entitled to punitive damages. Compl. ¶¶ 69-73. However, similar to his § 1983 claim, Weems' conspiracy claim is barred by the statute of limitations and the Eleventh Amendment. *See* Or. Rev. Stat. § 12.110(1); *see also Blair v. Toran*,

13 - OPINION AND ORDER

1999 WL 1270802, *23 (D.Or. Dec. 2, 1999), *aff'd*, 12 Fed.Appx. 604 (9th Cir. 2001) ("[a]lthough the State of Oregon has consented to be sued in Oregon courts for torts committed by its employees, officers, or agents while acting within the course and scope of their employment under the OTCA, it has not consented to be sued in federal court for those torts").

III.    Dismissal With Prejudice

Weems has failed to state a claim for extrinsic fraud on the court. Additionally, Weems' § 1983 and conspiracy claims are barred by the statute of limitations and the Eleventh Amendment. These deficiencies cannot be cured through amendment; as a result, Weems can prove no set of facts in support of his claims that would entitle him to relief. *See Barrett*, 544 F.3d at 1061-62. Therefore, this case is dismissed with prejudice.

## CONCLUSION

Based on the foregoing, defendants' Motion to Dismiss (docket # 8) is GRANTED and this case is DISMISSED with prejudice.

IT IS SO ORDERED

Dated this 17th day of September, 2012

    /s/ Patricia Sullivan
    Patricia Sullivan
    United States Magistrate Judge

14 - OPINION AND ORDER